UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT L. ROBINSON, | Case No. 1:10CV1816 |
| Petitioner, | JUDGE JACK ZOUHARY |
| v. | Magistrate Judge George J. Limbert |
| RICH GANSHEIMER, Warden, | |
| Respondent. | **Report and Recommendation of Magistrate Judge** |

On August 17, 2010, Petitioner Robert L. Robinson ("Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred during his Cuyahoga County, Ohio Court of Common Pleas convictions for two counts of felonious assault with firearm specifications in violation of Ohio Revised Code ("ORC") §§ 2903.11(A)(2) and 2945.145; one count of aggravated burglary in violation of ORC 2911.11(A)(2); one count of robbery with a firearm specification in violation of ORC §§ 2911.02(A)(1) and 2945.141; one count of domestic violence in violation of ORC § 2919.25; and one count of having weapons while under disability in violation of ORC 2923.13(A)(3). ECF Dkt. #1; ECF Dkt. #7 at 8.

On November 19, 2010, Respondent Rich Gansheimer ("Respondent"), Warden of Lake Erie Correctional Institution where Petitioner is incarcerated, filed an answer/return of writ. ECF Dkt. #7. On January 11, 2011, Petitioner, through counsel, filed a traverse. ECF Dkt. #9. For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

I. **SYNOPSIS OF THE FACTS**

The Eighth District Court of Appeals of Ohio set forth the relevant facts and procedural history of this case on direct appeal. ECF Dkt. #72-73. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness

by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999). As set forth by the Ohio Court of Appeals, the facts are:

> After a plea agreement with the State, and the dismissal of certain other charges by the State, Robinson pled guilty to two counts of felonious assault with three-year firearm specifications. He also pled guilty to aggravated burglary, domestic violence, having a weapon while under disability, and an amended charge of robbery with a one-year firearm specification. In return for the above pleas, the State dismissed the remaining charges.
>
> Thereafter, the trial court sentenced Robinson to two years on each felonious assault count with three-year firearm specification attached to each count. The trial court also sentenced Robinson to two years for robbery with a one-year firearm specification attached. The trial court ordered the foregoing sentences to be served consecutively to each other for a total prison term of thirteen years.
>
> Additionally, the trial court sentenced Robinson to three years in prison for aggravated burglary, six months for domestic violence, and one year for having a weapon while under disability. The trial court ordered Robinson to serve these sentences concurrently, but consecutively to the sentences imposed for the felonious assault and robbery charges. In total, the trial court sentenced Robinson to sixteen years in prison.

ECF Dkt. #7-1 at 72-73.

## II. PROCEDURAL HISTORY

### A. State Trial Court

In its May 2008 Term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner on:

> four counts of felonious assault in violation of Ohio Revised Code ("ORC") §§ 2903.11(A)(1) and/or (2), with two firearm specifications accompanying each felonious assault count under ORC §§ 2945.141 and 2945.145;
>
> two counts of aggravated burglary in violation of ORC § 2911.11(A)(1) and (A)(2) with two firearm specifications accompanying each count under ORC §§ 2941.141 and 2945.145;
>
> one count of domestic violence in violation of ORC § 2919.25;
>
> one count of having a weapon while under disability in violation of ORC 2923.13(A)(3);
>
> one count of child endangering in violation of ORC § 2919.22(A);
>
> one count of aggravated robbery in violation of ORC § 2911.01(A)(1), with two accompanying firearm specifications under ORC §§ 2941.141 and 2941.145; and
>
> one count of grand theft of a motor vehicle in violation of ORC § 2913.02(A)(1).

ECF Dkt. #7-1 at 1-6.

On May 28, 2008, Petitioner, through counsel, withdrew his original not guilty plea and entered a guilty plea to two counts of felonious assault with three-year firearm specifications, aggravated burglary, domestic violence, having weapons while under disability, and robbery with a firearm specification. ECF Dkt. #7-1 at 8. The prosecutor dismissed the remaining charges. *Id.*

On June 2, 2008, the Cuyahoga County Court of Common Pleas sentenced Petitioner to a total of 16 years of imprisonment, which included five years on each felonious assault with firearm specification convictions, three years of imprisonment for the aggravated burglary conviction, 180 days for the domestic violence conviction, one year for having weapons under disability, and three years for robbery with a one-year firearm specification. ECF Dkt. #7-1 at 10. The trial court ran the felonious assault with firearm specification sentences consecutively to each other and consecutively to Defendant's robbery sentence, and ran his aggravated burglary, domestic violence and weapons under disability concurrently with one another, but consecutive to the felonious assault with firearm specifications and robbery sentences. ECF Dkt. #10-1 at 6-7.

### B. Direct Appeal

On September 9, 2008, with new counsel, Petitioner filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals for the Eighth District. ECF Dkt. #7-1 at 14. The appellate court granted the motion and Petitioner raised the following assignments of error in his appellate brief:

> ASSIGNMENT OF ERROR I:
>
> ROBERT ROBINSON HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE SENTENCES IMPOSED ON HIM AS SAID SENTENCES DO NOT COMPORT WITH OHIO'S SENTENCING STRUCTURE.
>
> ASSIGNMENT OF ERROR II:
>
> ROBERT ROBINSON WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, WHEN THE TRIAL COURT FAILED TO MERGE THE SENTENCES FOR HIS THREE FIREARM SPECIFICATIONS.

*Id.* at 18, 20, 22.

On July 20, 2009, the Eighth District Court of Appeals affirmed the trial court's judgment of conviction and sentence. ECF Dkt. #10-1 at 27.

### C. Supreme Court of Ohio

On August 10, 2009, Petitioner, through counsel, filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #7-1 at 83. In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

> Proposition of Law I:: Before imposing consecutive sentences, trial courts are required to make the findings required by R.C. 2929.14(E)(4)(State v. Foster (2006), 109 Ohio St. 3d 1 overruled in part; Oregon v. Ice (2009), ___U.S. ___, 129 S.Ct. 711 followed)
>
> Proposition of Law II: When a defendant commits a felony offense immediately after and for the purpose of fleeing from the commission of another felony, those two felony offenses are "felonies committed as part of the same act or transaction" within the meaning of R.C. 2929.14(D)(1)(b).

*Id.* at 86. On November 4, 2009, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. *Id.* at 122.

## III. 28 U.S.C. § 2254 PETITION

On August 17, 2010, Petitioner, through counsel, filed the instant petition for a writ of habeas corpus. ECF Dkt. #1. Petitioner raises the following sole ground for relief:

> GROUND ONE: A trial court violates an individual's rights under the Sixth Amendment and the Due Process Clause of the United States Constitution when it imposes consecutive sentences, when the trial court does not make the findings of fact due to the state supreme court's unreasonable application of Supreme Court of the United States precedent.

ECF Dkt. #1 at 5, 15-18. On November 19, 2010, Respondent filed an answer/return of writ. ECF Dkt. #7. On January 11, 2011, Petitioner, through counsel, filed a traverse. ECF Dkt. #9.

## IV. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United*

*States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent does not raise any procedural barriers that would bar review of Petitioner's sole ground for relief and the undersigned recommends that the Court find that no procedural barriers bar review of Petitioner's ground for relief.

## V.   STANDARD OF REVIEW

The undersigned further recommends that the Court find that the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 17, 2010, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for a writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this

> Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Further, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

- A. Decisions of lower federal courts may not be considered.
- B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
- C. The state court decision may be overturned only if:
  1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
  2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
  3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or
  4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
- D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

> > incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **VI. ANALYSIS**

Petitioner contends that the state courts unreasonably applied the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 304 (2004), "as demonstrated by that Court's holding in *Ice"* [*Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 717 (2009). ECF Dkt. #1 at 17-18. Petitioner asserts that:

> on the date on which the offenses occurred in Mr. Robinson's case, the factual

> findings mandated by Ohio Rev. Code § R.C. 2929.14(E)(4) (2003) for the purpose of imposing consecutive sentences were required to be made at a sentencing hearing and in a journal entry of conviction.

*Id*.

The undersigned recommends that the Court DENY Petitioner's sole ground for relief. In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court excised those portions of Senate Bill 2 which required judicial fact-finding before imposing consecutive sentences, holding that such judicial fact-finding was unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296. Three years following *Foster*, however, the United States Supreme Court decided *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), and held that the *Apprendi-Blakely* principles did not apply to consecutive sentencing, essentially because it was judges and not juries who imposed consecutive sentences at common law. *See Harris v. Warden, Lebanon Correctional Inst.*, No. 1:09CV712, 2011 WL 711085, at *4 (S.D. Ohio Jan. 10, 2011). *Ice* made clear that consecutive sentencing decisions do not implicate *Apprendi* or *Blakely* concerns. Thus, to the extent that Petitioner asserts that the Ohio courts unreasonably applied *Apprendi* and *Blakely* in the instant case, the undersigned recommends that the Court find no merit to his assertion.

Further, based upon *Ice*, it appears that *"Foster* was incorrect in holding Ohio's requirement of fact finding for consecutive sentences unconstitutional." *Ahmed v. Hall*, No. 1:09CV624, 2011 WL 2970945 (N.D. Ohio July 20, 2011). However, no United States Supreme Court caselaw indicates that Ohio's severance of the fact-finding procedure for consecutive sentencing statutory provisions should be revived or that the procedure for imposing consecutive sentences post-*Foster* without fact-finding is unconstitutional. *Id*. In fact, the Supreme Court of Ohio has expressly held that the United States Supreme Court's decision in *Ice* "does not revive Ohio's former consecutive sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*. Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768, 770, 2010-Ohio-6320 (2010). In *Hodge*, the Supreme Court of Ohio acknowledged that while the *Ice* decision did not directly overrule its consecutive sentencing decision in *Foster*, *Ice* did hold that "it is constitutionally permissible for a judge to engage in judicial fact-finding to impose consecutive sentences."

-8-

*Hodge*, 941 N.E.2d at  The Ohio Supreme Court did not overrule its *Foster* decision, however, finding that *Ice* had also held that "there is no constitutional requirement that a judge make findings of fact before imposing consecutive sentences." *Id.*

Petitioner cites to *State v. Hodge* in his traverse, but fails to explain why the holding in that case does not apply to him.  It is arguable that *Ice* and *Hodge* establish that Petitioner's ground for relief is really a state law issue, since *Ice* held that it is the state legislatures that determine the procedure for administering consecutive sentences and *Hodge* held that "trial courts judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Ice*, 129 S.Ct. at 717; *Hodge*, 941 N.E.2d at 770.  *See Harris*, 2011 WL 711085, at *4 ( [i]t is of course a question of state law whether Common Pleas judges have the authority to impose consecutive sentences without judicial fact-finding and *Foster* and *Elmore* [*State v. Elmore,* 122 Ohio St.3d 472, 912 N.E.2d 582 (2009)] establish that they do.").

Even if properly brought before this Court in federal habeas corpus as an alleged unreasonable application of United States Supreme Court precedent in light of *Ice*, the undersigned recommends that the Court find no merit to this assertion.  In *Ahmed v. Hall*, United States District Court Judge Pearson of this District rejected a federal habeas corpus petitioner's attempt to amend his petition to include a ground for relief similar to that asserted by Petitioner in this case.  A United States Magistrate Judge had recommended that the United States District Court Judge dismiss Ahmed's federal habeas corpus petition and he contemporaneously moved for leave to amend his petition to add the following new ground for relief:

> Ground Nine: Petitioner Ahmed's right to due process of law, as protected by the Due Process Clause of the 14th Amendment to the United States Constitution, was violated by the severance of statutory requirements for findings of fact before consecutive sentences could be imposed upon him.

*Ahmed*, 2011 WL 2970945, at *1.  Ahmed had stated in the supporting facts to this ground for relief that *Oregon v. Ice* had implicitly overruled *State v. Foster* and thus the Ohio courts had violated his due process rights and unreasonably applied clearly established federal law as determined by the United States Supreme Court when it failed to make findings of fact before imposing consecutive sentences.  *Id.* at *1 and fn. 3.

In adopting Magistrate Judge Knepp's Report and Recommendation to deny the proposed amendment, Judge Pearson indicated that *Ice* did not overrule "Ohio's post-*Foster* sentencing

regime," meaning that *Ice* did not overrule the Ohio courts' imposition of sentencing without findings of fact or giving of reasons. *Ahmed*, 2011 WL 2970945, at *1., fn. 3. Judge Pearson upheld Magistrate Judge Knepp's reasoning that while the *Foster* severance of the judicial fact-finding for consecutive sentencing was "based upon a misinterpretation of constitutional law, the severance itself and its progeny, the post-*Foster* sentencing regime, remains constitutional." *Id.* at *1.

Judge Pearson also discussed the Supreme Court of Ohio's holding in *State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768 (2010) and found it "most damaging to Ahmed's dependency" upon the ruling in *Ice* that he was entitled to be resentenced with findings of fact because *Ice* held that *Foster* was unconstitutional in its sentencing decision. *Ahmed*, 2011 WL 2970945, at *4. Again, Petitioner in the instant case cites to *Hodge,* but contends without explanation that this decision has no impact on his ground for relief. ECF Dkt. #9 at 6. Judge Pearson found that the *Hodge* decision "completely undermin[ed]" Ahmed's assertion that he had a constitutional entitlement to the severed statute because the Ohio Supreme Court held that the Supreme Court of the United State's decision in *Ice* did not create an entitlement to the severed statutory provisions. *Ahmed*, 2011 WL 2970945, at *4, citing *Hodge*, 941 N.E.2d 768 and *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235–36 (6th Cir.1991).

Similarly here, *Ice* and *Hodge* undermine Petitioner's assertion that the Ohio courts unreasonably applied United States Supreme Court precedent. *Ice* may call into question the necessity of the Ohio Supreme Court's decision in *Foster* as to its consecutive sentencing regime, but it did not revive pre-*Foster* sentencing procedures or create a constitutional entitlement for defendants to be resentenced under the pre-*Foster* sentencing regime. *Ahmed*, 2011 WL 2970945, at *4. *see also Bregen v. Warden, Lebanon Correctional Inst.*, No. 09CV347, 2010 WL 5811433, at *7 (S.D. Ohio June 18, 2010)("Although in hindsight it appears that the provision in Ohio's pre- *Foster* sentencing statute pertaining to consecutive sentencing determinations would now be found to pass constitutional muster under the Sixth Amendment under *Ice*, it does not follow that the imposition of consecutive sentences under the post- *Foster* statutory scheme violates due process and ex post facto principles as suggested by petitioner.").

Moreover, the Sixth Circuit Court of Appeals has held that the Ohio Supreme Court's decision in *Foster* did not alter the sentencing range available under § 2929.14(A); it merely did away with the threshold requirement of judicial fact finding. Petitioner thus had adequate notice

of the maximum penalties that he faced prior to committing his crimes. As a consequence, Petitioner cannot complain that he did not receive "notice" or "fair warning" that his criminal conduct might have resulted in the sentence that he received. *See U.S. v. Barton*, 455 F.3d 649, 654–655 (6th Cir.2006). In *Hooks v. Sheets*, the Sixth Circuit held:

> Regardless of the court's determination in *Foster*, the maximum sentence to which Hooks was constitutionally subject contemplated consecutive sentences. Hooks would have the court calculate his maximum sentence as being imposed concurrently based solely on the facts found by a jury at the time of sentencing, because he argues that this calculation is mandated by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). However, *Apprendi* does not limit the calculation of Hooks's potential sentence to concurrent sentences when the judicial fact-finding here is allowed under *Ice*. Thus, Hooks was initially and constitutionally subject to consecutive sentences according to the "guided discretion" of the court. *See Foster*, 845 N.E.2d at 495. Moreover, Hooks was always aware of the potential for consecutive sentences. On re-sentencing post-*Foster* he remained subject to consecutive sentences within the discretion of the court. Since Hooks was always subject to consecutive rather than concurrent sentences in the discretion of the trial court, his re-sentencing under *Foster* did not raise ex post facto or due process concerns.

603 F.3d 316, 321 (6th Cir. 2010).

Similarly here, regardless of whether he was sentenced with or without findings of fact for imposing consecutive sentences, Petitioner knew that the trial court retained the discretion to impose consecutive sentences for multiple offenses and he therefore had notice that he faced the potential penalty of consecutive sentencing.

## VII.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: January 19, 2012           */s/ George J. Limbert*
                                 GEORGE J. LIMBERT
                                 UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).