IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert L. Robinson, | Case No. 1:10 CV 1816 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Rich Gansheimer, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, Robert Robinson, filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1). The Magistrate's Report and Recommendation ("R&R") recommended this Court dismiss the Petition (Doc. No. 10 at 1). Petitioner objected (Doc. No. 11). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the determination of the Magistrate *de novo*. For the following reasons, Petitioner's objection is not well-taken and this Court adopts the R&R.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural history, to which Petitioner does not object, and this Court adopts that record summary in its entirety (Doc. No. 10 at 1–4). Briefly, Petitioner, is confined at Lake Erie Correctional Institution for two counts of felonious assault with firearm specifications; one count of aggravated burglary; one count of robbery with a firearm specification; one count of domestic violence; and one count of having weapons while under disability (Doc. No. 10 at 1). Separately, each of these counts carry prison terms of five years or less. However,

the trial judge ordered consecutive sentences for many of these counts, resulting in an aggregate sentence of sixteen years.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

## DISCUSSION

Petitioner raises one objection, stating (Doc. No. 11 at 2):

> Mr. Robinson objects to the Magistrate Judge's Report and Recommendation, which found that Mr. Robinson was not a person in custody pursuant to state court judgment that resulted from a decision which is contrary to or involved an unreasonable application of clearly established federal law.

This is exactly the same argument raised in Petitioner's Traverse (Doc. No. 9 at 3–7) and fully addressed in the R&R (Doc. No. 10 at 7–11). In short, Petitioner alleges the sentence imposed by the

trial court was an unreasonable application of clearly established federal law because the trial judge did not make findings of fact before ordering consecutive sentences (Doc. No. 9 at 3–4).

According to Petitioner, the Ohio State Supreme Court unreasonably applied *Blakely v. Washington*, 542 U.S. 296 (2004), when it decided to delete portions of Ohio's sentencing statutes requiring judicial fact-finding before imposing consecutive sentences. *See State v. Foster*, 109 Ohio St. 3d 1, 21–22 (2006) (finding *Blakely* required consecutive sentencing determinations to be made by a jury and not the judge). Once those provisions in the Revised Code were deleted, juries, not trial judges, made the necessary factual findings to impose consecutive sentences. However, Petitioner argues *Oregon v. Ice*, 555 U.S. 160 (2009), abrogated the *Foster* holding that *Blakely*-principles do not apply to consecutive sentencing (Doc. No. 11 at 3–4). Thus, *Foster* -- which removed judicial fact-finding for consecutive sentences -- was an unreasonable application of federal law and Petitioner's sentence was improper.

The R&R correctly rejected Petitioner's argument and concluded that although *Foster* was "based upon a misinterpretation of constitutional law," the end result was not itself unconstitutional (Doc. No. 10 at 10) (quoting *Ahmed v. Hall*, 2011 WL 2970945 at *1, n.3 (N.D. Ohio 2011)). "*Ice* may call into question the necessity of the Ohio Supreme Court's decision in *Foster* as to its consecutive sentencing regime, but it did not revive pre-*Foster* sentencing procedures or create a constitutional entitlement for defendants to be resentenced under the pre-*Foster* sentencing regime." (Doc. No. 10 at 10). Even Petitioner recognizes in his own objection that *Ice* "did not function to revive Ohio's severed provisions." (Doc. No. 11 at 6).

3

Simply put, if *Ice* did not make Ohio's current sentencing provisions unconstitutional, then Petitioner's sentence under those provisions could not have violated clearly established federal law and habeas relief is unwarranted.

## CONCLUSION

For the forgoing reasons, this Court adopts the R&R. Petitioner's Motion is denied pursuant to 28 U.S.C. § 2243. Further, Petitioner cannot make a substantial showing of the denial of a constitutional right and there is no basis on which to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 13, 2012